IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:17-CR-029-O |
| KRISTOPHER RAY FACIO (01) | |

## PLEA AGREEMENT WITH WAIVER OF APPEAL

Defendant Kristopher Ray Facio, the defendant's attorney Michael Lehmann, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Facio understands that he has the rights

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Facio waives these rights and pleads guilty to the offense alleged in the Superseding Information, which charges a violation of 18 U.S.C. § 2422, Enticement of a minor. Facio understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**:

The maximum penalties the Court can impose for count one include:

    a. term of imprisonment for not less than ten (10) years and not more than life;

    b. a fine not to exceed $ 250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of any term of years or life but not less than five years, which is mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

    d. mandatory special assessment of $100.00;

    e. unless the Court finds the defendant to be indigent, an additional mandatory special assessment of $5000 must also be imposed pursuant to 18 U.S.C. § 3014 for offenses occurring on or after May 29, 2015;

    f. restitution to victims or to the community, which may be mandatory under the law; and

    g. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines**: Facio understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Facio has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.

**Plea Agreement (Facio) - Page 2**

Facio will not be allowed to withdraw his plea if his sentence is higher than expected. Facio fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory Special Assessment:** Prior to sentencing, Facio agrees to pay to the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: Facio shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Facio shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Facio expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. Facio fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Facio understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7.      **Government's agreement**:   The government will not bring any additional charges against Facio based upon the conduct underlying and related to the defendant's plea of guilty.  The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.   The government will dismiss, after sentencing, any remaining charges in the pending indictment.

8.      **Violation of agreement**:   Facio understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Facio for all offenses of which it has knowledge. In such event, Facio waives any objections based upon delay in prosecution.   If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Facio also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9.      **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10.     **Waiver of right to appeal or otherwise challenge sentence**: Facio waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.   He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241

and 28 U.S.C. § 2255. Facio, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

11.     **Representation of counsel**: Facio has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Facio has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Facio has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12.     **Limitation of Agreement:**   This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Facio or any property.

[Remainder of page intentionally left blank]

13. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this \_\_7TH\_\_ day of \_\_APRIL\_\_, 2017.

_____
KRISTOPHER RAY FACIO
Defendant

_____
AISHA SALEEM
Assistant United States Attorney
Texas State Bar No. 00786218
801 Cherry Street, Unit #4
Burnett Plaza, Suite 1700
Fort Worth, TX  76102-6897
Telephone:  817.252.5200
Facsimile:  817.252.5455

_____
MICHAEL LEHMANN
Attorney for Defendant
Texas State Bar No. 24048615
819 Taylor Street, Room 9A10
Fort Worth, Texas 76102
Tel: 817-978-2753
Fax: 817-978-2757

_____
ALEX C. LEWIS
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

_____
KRISTOPHER RAY FACIO
Defendant

\_\_4-7-2017_____
Date

I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____  _____4/7/17_____
MICHAEL LEHMANN                  Date
Attorney for Defendant

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions:   where I reside; where I am an employee; and where I am a student.  I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information.  I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status as well as plans to travel in foreign commerce.  I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a
fine or imprisonment or both.

_____  _____4-7-17_____
KRISTOPHER RAY FACIO             Date
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant, including the notice that he is required to register as a sex offender.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____  _____4/7/17_____
MICHAEL LEHMANN                  Date
Attorney for Defendant