# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:17-CR-00029-O(01) |
| | U.S. Marshal's No.: 55400-177 |
| KRISTOPHER RAY FACIO | Aisha Saleem, Assistant U.S. Attorney |
| | Michael A. Lehmann, Attorney for the Defendant |

On April 19, 2017 the defendant, KRISTOPHER RAY FACIO, entered a plea of guilty as to Count One of the Superseding Information filed on April 11, 2017. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2422(b) | Attempted Coercion and Enticement | December 4, 2016 | One |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count One of the Superseding Information filed on April 11, 2017. The Court concluded that the defendant is indigent and waived the $5,000 assessment required pursuant to 18 U.S.C. § 3014.

By Motion of the Government, all remaining Counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed August 14, 2017.

_____
REED O'CONNOR
U.S. DISTRICT JUDGE

Signed August 17, 2017.

Judgment in a Criminal Case  Page **2** of **5**
Defendant: KRISTOPHER RAY FACIO
Case Number: 4:17-CR-00029-O(1)

## IMPRISONMENT

The defendant, KRISTOPHER RAY FACIO, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **Four Hundred Eighty (480) months** as to Count One of the Superseding Information filed on April 11, 2017.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **Ten (10) years** as to Count One of the Superseding Information filed on April 11, 2017.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1)   not leave the judicial district without the permission of the Court or probation officer;
( 2)   report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3)   answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4)   support the defendant's dependents and meet other family responsibilities;
( 5)   work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6)   notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7)   refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8)   not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9)   not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)   permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11)   notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12)   not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and,
(13)   notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

report in person to the U.S. Probation Office in the district to which the defendant is released from the custody of the Federal Bureau of Prisons within 72 hours of release;

have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer;

participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month. The defendant shall consent to the probation officer's conducting ongoing monitoring of his/her computer/computers. The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. At the discretion of the probation officer, the monitoring software may be disabled or removed at any time during the term of supervision;

not possess, have access to, or utilize a computer or Internet connection device, including, but not limited to Xbox, PlayStation, Nintendo, or similar device, without permission of the probation officer;

register as a sex offender with state and local law enforcement as directed by the probation officer in each jurisdiction where the defendant resides, is employed, and is a student, providing all information required in accordance with state registration guidelines, with initial registration being completed within three business days after release from confinement. The defendant shall provide written verification of registration to the probation officer within three business days following registration and renew registration as required by his probation officer. The defendant shall, no later than three business days after each change of name, residence, employment, or student status, appear in person in at least one jurisdiction and inform that jurisdiction of all changes in the information required in the sex-offender registry;

neither possess nor have under his/her control any pornographic matter or any matter that sexually depicts minors under the age of 18 including, but not limited to, matter obtained through access to any computer and any matter linked to computer access or use;

participate in sex-offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month;

refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 crime bill; and,

participate in a program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

Judgment in a Criminal Case Page **5** of **5**
Defendant: KRISTOPHER RAY FACIO
Case Number: 4:17-CR-00029-O(1)

**RETURN**

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                    _____
                                                                    United States Marshal

                                                                    BY _____
                                                                    Deputy Marshal