1

```
1                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
2                           FORT WORTH DIVISION

3    UNITED STATES OF AMERICA        .  CRIMINAL ACTION NOS.
                                     .  4:17-CR-029-O-1
4    V.                              .  4:17-CR-007-O-1
                                     .
5                                    .
     KRISTOPHER RAY FACIO            .  Fort Worth, Texas
6    ABIOLA RAYMOND OLAFUSI          .  April 19, 2017
     . . . . . . . . . . . . . . . . .

7

8                       TRANSCRIPT OF PROCEEDINGS
                         (Rearraignment Hearing)
9             BEFORE THE HONORABLE JEFFREY L. CURETON
                   UNITED STATES MAGISTRATE JUDGE

10

11   APPEARANCES:

12   For the Government:          MS. AISHA SALEEM
                                  MR. JOHN P. BRADFORD
13                                United States Attorney's Office
                                  801 Cherry Street, Suite 1700
14                                Fort Worth, Texas  76102-6897
                                  (817) 252-5200
15
     For Defendant Facio:         MR. MICHAEL A. LEHMANN
16                                Federal Public Defender
                                  819 Taylor Street, Room 9A10
17                                Fort Worth, Texas  76102
                                  (817) 978-2753
18
     For Defendant Olafusi:       MR. JEFFERY C. KING
19                                Attorney at Law
                                  2626 Cole Avenue, Suite 415
20                                Dallas, Texas  75204
                                  (469) 399-7001
21
     Court Reporter:              MS. ANA P. WARREN
22                                U.S. District Court Reporter
                                  501 W. 10th Street, Room 502
23                                Fort Worth, Texas  76102-3637
                                  (817) 850-6681
24

25   Proceedings recorded by mechanical stenography; transcript
     produced by computer-aided transcription.
```

U.S. DISTRICT COURT

2

*P R O C E E D I N G S*

1

2          (Commencing, 9:45 a.m.)

3               THE COURT:  All right.  The Court has two cases that

4     are set for either rearraignment or guilty plea at

5     arraignment.  As I call your name, if you will please come

6     forward and stand before the bench, you will be joined by your

7     counsel.

8          Cause Number 4:17-CR-29, United States versus Kristopher

9     Facio.

10         Thank you, sir, if you will step on forward.

11         Ms. Aisha Saleem is present for the government and

12    Mr. Michael Lehmann for the defense.

13         Also, Cause Number 4:17-CR-7, United States versus Abiola

14    Olafusi.  Mr. John Bradford for the government and Mr. Jeff

15    King for the defense.

16         For this proceeding, I need to have each of you placed

17    under oath.  Would you please raise your right hand and be

18    sworn by my clerk?

19         (Defendants sworn by the clerk)

20              THE COURT:  I'll have the record reflect that each

21    answered in the affirmative.

22         I'm going to ask each of you to speak up loud and clear so

23    that I can hear you and the court reporter can as well.  It's

24    a big courtroom.  So I need your voice to project.

25         Would you state your full name for the record beginning

1    with Mr. Facio?

2           DEFENDANT FACIO:  Kristopher Ray Facio.

3           THE COURT:  Thank you.

4        And Mr. Olafusi?

5           DEFENDANT OLAFUSI:  Abiola Raymond Olafusi.

6           THE COURT:  And is your name spelled correctly in the

7    superseding information filed against you, Mr. Facio?

8           DEFENDANT FACIO:  Yes, Your Honor.

9           THE COURT:  And is your name spelled correctly in the

10   indictment that has been returned against you, Mr. Olafusi?

11          DEFENDANT OLAFUSI:  Yes, Your Honor.

12          THE COURT:  Do each of you understand that you are

13   now under oath and if you answer any of the Court's questions

14   falsely, your answers could later be used against you in a

15   prosecution for perjury or for making a false statement?

16       Do you understand, Mr. Facio?

17          DEFENDANT FACIO:  Yes, sir.

18          THE COURT:  Mr. Olafusi?

19          DEFENDANT OLAFUSI:  Yes, Your Honor.

20          THE COURT:  Do each of you read, write and understand

21   the English language?

22       Mr. Facio?

23          DEFENDANT FACIO:  Yes, Your Honor.

24          THE COURT:  Mr. Olafusi?

25          DEFENDANT OLAFUSI:  Yes, Your Honor.

4

1          THE COURT:  Do you further understand that I am

2     conducting this hearing rather than the district judge in your

3     case?  However, it's the district judge who retains all final

4     decision-making authority over your plea, and it's the

5     district judge who will conduct any sentencing in your case,

6     and I'm conducting this hearing based on your consent?

7          Do you understand, Mr. Facio?

8          DEFENDANT FACIO:  Yes, Your Honor.

9          THE COURT:  Mr. Olafusi?

10          DEFENDANT OLAFUSI:  Yes, Your Honor.

11          THE COURT:  There has been presented to me this

12     morning a couple of documents entitled "Consent to

13     Administration of Guilty Plea and Allocution" by a United

14     States Magistrate Judge, and these consents appear to be

15     signed by each of the defendants and his counsel.

16          Is it your signature that appears on the consent form,

17     Mr. Facio?

18          DEFENDANT FACIO:  Yes, Your Honor.

19          THE COURT:  And on yours, Mr. Olafusi?

20          DEFENDANT OLAFUSI:  Yes, Your Honor.

21          THE COURT:  Very well.  Then I find that each of the

22     defendants has knowingly and voluntarily waived his right to

23     enter a guilty plea before the district judge and has

24     consented to proceed before me in that plea today.

25          Let me give you some general instructions.

1    You may, if you choose, plead not guilty to any offense

2  charged against you or persist in that plea if it's already

3  been made, and if you plead not guilty, the Constitution of

4  the United States guarantees you the following rights:

5    You have the right to a speedy and public jury trial in

6  this district.  You have the right at such a trial for you to

7  confront, that is, to see, hear, and cross examine all

8  witnesses against you.  You have the right to use the power

9  and process of the courts to compel the production of any

10  evidence, including the attendance of any witnesses on your

11  behalf.

12    You have the right to have the assistance of an attorney

13  at all stages of the proceedings, and if you could not afford

14  an attorney, I would appoint an attorney for you at trial.  At

15  such a trial, you can not be compelled to testify, and whether

16  you would testify would be a matter in which your judgment

17  alone would control.  At such a trial, the United States would

18  be required to prove your guilt beyond a reasonable doubt, and

19  if you were found guilty, you would have the right to appeal

20  that conviction.

21    Do each of you understand that you have and are guaranteed

22  each of those constitutional rights?

23    Mr. Facio?

24        DEFENDANT FACIO:  Yes, Your Honor.

25        THE COURT:  Mr. Olafusi?

1        DEFENDANT OLAFUSI:  Yes, Your Honor.

2        THE COURT:  On the other hand, if you plead guilty

3   and if that guilty plea is accepted by the Court, there will

4   not be a further trial of any kind, so that by pleading guilty

5   you waive your right to a trial as well as those rights

6   associated with a trial as I've just explained them.

7      Do you understand, Mr. Facio?

8        DEFENDANT FACIO:  Yes, Your Honor.

9        THE COURT:  Mr. Olafusi?

10        DEFENDANT OLAFUSI:  Yes, Your Honor.

11        THE COURT:  Generally, a defendant who is accused of

12   a crime cannot plead guilty unless he is actually guilty of

13   that crime.  In federal court, the judge determines the

14   penalty when a defendant is convicted whether that conviction

15   is on the basis of a jury verdict or upon a plea of guilty.

16      The Court has not and will not talk to anyone about the

17   facts of your case except here in your presence where you and

18   your attorney and representatives of the government are all

19   present.  However, if a guilty verdict is entered, a

20   presentence report will be prepared, and the Court will review

21   that report with probation officers outside of your

22   presence.

23      If you plead guilty, you will be convicted.  However, you

24   and your attorney each will be given an opportunity to present

25   to the Court any pleas for leniency.  The penalty will be

7

1    decided based upon the facts heard in court.

2        You should never depend or rely upon any promise or

3    statement by anyone whether connected with law enforcement or

4    the government or anyone else as to what penalty will be

5    assessed against you.

6        Should you decide to plead guilty, your plea of guilty

7    must not be induced or prompted by any promises, pressure,

8    threats, force, or coercion of any kind.  A plea of guilty

9    must be purely voluntary, and you should plead guilty only

10   because you are guilty and for no other reason.

11       Do each of you understand each of my explanations about

12   the process and consequences of pleading guilty?

13       Mr. Facio?

14           DEFENDANT FACIO:  Yes, Your Honor.

15           THE COURT:  Mr. Olafusi?

16           DEFENDANT OLAFUSI:  Yes, Your Honor.

17           THE COURT:  Under the Sentencing Reform Act of 1984

18   as it's been construed by our Supreme Court, the United States

19   Sentencing Commission has issued advisory guidelines for

20   judges to consider in determining the sentence in a criminal

21   case.

22       Have each of you discussed with your attorney the charges

23   against you, the matter of sentencing and how those sentencing

24   guidelines might apply in your case?

25       Have you done so, Mr. Facio?

8

1          DEFENDANT FACIO:  Yes, Your Honor.

2          THE COURT:  Mr. Olafusi?

3          DEFENDANT OLAFUSI:  Yes, Your Honor.

4          THE COURT:  Even so, I must inform you that in

5    determining the sentence, it is the Court's obligation to

6    calculate the applicable sentencing guideline range and to

7    consider that range, along with any possible departures under

8    the guidelines, and other sentencing factors under 18, USC,

9    Section 3553(a).

10        The Court is not bound by facts that are stipulated

11   between you and your attorney on the one hand and the

12   government on the other.  The Court can impose punishment that

13   might disregard stipulated facts or take into account facts

14   that are not mentioned in the stipulations, and in that event,

15   you might not even be permitted to withdraw your plea of

16   guilty.

17        The Court will not be able to determine the proper

18   guideline range for your case until after that presentence

19   report has been completed and both you and the government have

20   had an opportunity to challenge the facts and the conclusions

21   set forth in that report.

22        After the Court has determined the guideline range

23   appropriate under the facts of your case, the Court has the

24   authority to impose a sentence that is above, below, or within

25   that guideline range, as long as the sentence imposed is

1    reasonable and it's based upon the facts and the law.

2        You have the right to appeal the sentence the Court

3    imposes unless you waive that right, and under some

4    circumstances, the government also has the right to appeal.

5        Finally, I inform you that within the federal system

6    parole has been abolished, so that if you are sentenced to

7    imprisonment, you will not be released on parole.

8        Do each of you understand all of my explanations about the

9    sentencing process?

10       Mr. Facio?

11           DEFENDANT FACIO:  Yes, Your Honor.

12           THE COURT:  Mr. Olafusi?

13           DEFENDANT OLAFUSI:  Yes, Your Honor.

14           THE COURT:  How old are you, Mr. Facio?

15           DEFENDANT FACIO:  Twenty-six.

16           THE COURT:  Mr. Olafusi?

17           DEFENDANT OLAFUSI:  Twenty-six.

18           THE COURT:  And can I have each of you state your

19   date of birth for the record?

20       Mr. Facio?

21           DEFENDANT FACIO:  November 1, 1990.

22           THE COURT:  Mr. Olafusi?

23           DEFENDANT OLAFUSI:  August 4, 1990.

24           THE COURT:  How far did each of you go in school?

25       Mr. Facio?

10

1          DEFENDANT FACIO:  High school graduate.

2          THE COURT:  Mr. Olafusi?

3          DEFENDANT OLAFUSI:  High school graduate and

4    community college.

5          THE COURT:  Are you currently or have you recently

6    been under the care of a physician or a psychiatrist?

7       Mr. Facio?

8          DEFENDANT FACIO:  No, Your Honor.

9          THE COURT:  Mr. Olafusi?

10         DEFENDANT OLAFUSI:  No, Your Honor.

11         THE COURT:  Have either of you been recently

12   hospitalized or treated for narcotics addiction or alcoholism?

13      Mr. Facio?

14         DEFENDANT FACIO:  No, Your Honor.

15         THE COURT:  Mr. Olafusi?

16         DEFENDANT OLAFUSI:  No, Your Honor.

17         THE COURT:  Are you now under the influence of

18   alcohol or any narcotic drug?

19      Mr. Facio?

20         DEFENDANT FACIO:  No, Your Honor.

21         THE COURT:  Mr. Olafusi?

22         DEFENDANT OLAFUSI:  No, Your Honor.

23         THE COURT:  Do either of you suffer from any

24   emotional or mental disability?

25      Mr. Facio?

1          DEFENDANT FACIO:  No, Your Honor.

2          THE COURT:  Mr. Olafusi?

3          DEFENDANT OLAFUSI:  No, Your Honor.

4          THE COURT:  Are you of sound mind, and do you fully

5     understand what it is we're doing here today?

6        Mr. Facio?

7          DEFENDANT FACIO:  Yes, Your Honor.

8          THE COURT:  Mr. Olafusi?

9          DEFENDANT OLAFUSI:  Yes, Your Honor.

10         THE COURT:  To defense counsel, do you have any

11    reason to believe your client is not fully competent to enter

12    a plea of guilty?

13       Mr. Lehmann?

14         MR. LEHMANN:  No, Your Honor.

15         THE COURT:  Mr. King?

16         MR. KING:  No, Your Honor.

17         THE COURT:  And do each of you believe that the

18    guilty plea your client proposes to make will be a knowing and

19    voluntary plea?

20       Mr. Lehmann?

21         MR. LEHMANN:  Yes, Your Honor.

22         THE COURT:  Mr. King?

23         MR. KING:  Yes, Your Honor.

24         THE COURT:  Mr. Olafusi, you are pleading pursuant to

25    a superseding information.  I need to go over that process

12

1    with you.

2        First of all, you are charged with a felony offense, and

3    under our United States Constitution, you may not be charged

4    with a felony offense unless a grand jury finds by the return

5    of an indictment that such felony offense occurred and that

6    you committed the offense.  However, you may waive your right

7    to indictment by the grand jury and consent to proceed by the

8    filing of an information by the United States Attorney.

9        The felony charges against you have been brought by the

10   filing of just such an information by the United States

11   Attorney's Office.  If you do not waive indictment by the

12   grand jury and the government wishes to pursue this charge

13   against you, then it must present its case to the grand jury

14   and request the return of an indictment.

15       A grand jury is composed of at least 16 but not more than

16   23 persons, and at least 12 grand jurors must find that there

17   is probable cause to believe that you committed the offense

18   with which you are charged before you will be indicted.  So a

19   grand jury might or it might not indict you on this charge.

20   But if you waive indictment by the grand jury, the case will

21   proceed against you based on the superseding information filed

22   by the United States Attorney's Office just as though you had

23   been indicted.

24       So, Mr. Facio, let me ask you.  Have you discussed with

25   your attorney the matter of waiving your right to indictment

13

1   by the grand jury, and do you fully understand that right?

2           DEFENDANT FACIO:  Yes, Your Honor.

3           THE COURT:  Have any threats or promises been made in

4   an effort to induce you to waive indictment by the grand jury?

5           DEFENDANT FACIO:  No, Your Honor.

6           THE COURT:  Is it your wish to waive your right to

7   indictment by the grand jury?

8           DEFENDANT FACIO:  Yes, Your Honor.

9           THE COURT:  Mr. Lehmann, so you see any reason why

10  your client should not waive indictment?

11          MR. LEHMANN:  I do not, Your Honor.

12          THE COURT:  And is such waiver consistent your

13  advice?

14          MR. LEHMANN:  It is, Your Honor.

15          THE COURT:  There is a document Number 20 filed in

16  the papers of Mr. Facio's case, which is entitled "Waiver of

17  Indictment" that appears to be signed by you.

18      Mr. Facio, is it your signature on the waiver form?

19          DEFENDANT FACIO:  Yes, Your Honor.

20          THE COURT:  Then I find that you have knowingly and

21  voluntarily waived your right to indictment by the grand jury

22  and consented to being charged by way of information.

23      Have you received a copy of that charge against you,

24  Mr. Facio?

25          DEFENDANT FACIO:  Yes, Your Honor.

14

1      THE COURT:  Mr. Olafusi, have you received a copy of

2   your indictment?

3      DEFENDANT OLAFUSI:  Yes, Your Honor.

4      THE COURT:  Have each of you reviewed the charges

5   against you, and do you fully understand the nature of those

6   charges?

7   Mr. Facio?

8      DEFENDANT FACIO:  Yes, Your Honor.

9      THE COURT:  Mr. Olafusi?

10      DEFENDANT OLAFUSI:  Yes, Your Honor.

11      THE COURT:  It would be appropriate for the United

12   States Attorney in each of your cases to now read those

13   charges here in open court.  However, because you understand

14   the nature of the charges, I will allow you to waive the

15   reading of them at this time.

16   Do you wish to waive that reading, Mr. Facio?

17      DEFENDANT FACIO:  Yes, Your Honor.

18      THE COURT:  Mr. Olafusi?

19      DEFENDANT OLAFUSI:  Yes, Your Honor.

20      THE COURT:  You also have the right to have explained

21   to you the essential elements of the offense with which you

22   are charged.  So I will call upon the United States Attorney

23   in each case to set forth those essential elements.  This is

24   what the government would be required to prove at your trial.

25   So I'm going to ask you to listen carefully.

1       As to Mr. Facio?

2            MS. SALEEM:  Your Honor, as to Mr. Facio, in order to

3   establish the offense alleged in Count 1 of the superseding

4   information, the government must prove the following elements:

5       First, that the defendant knowingly attempted to persuade,

6   induce, or entice an individual to engage in sexual activity

7   as charged.

8       Second, that the defendant used the internet or any

9   facility or means of interstate commerce to do so.

10      Third, that the defendant believed that such individual

11  was less than 18 years of age.

12      And, fourth, that had a sexual activity occurred, the

13  defendant could have been charged with a criminal offense

14  under Texas state law, that is, a violation of Texas Penal

15  Code Section 43.25(b), sexual performance of a child.

16           THE COURT:  Mr. Facio, do you understand and admit

17  that you committed all of the essential elements of that

18  offense?

19           DEFENDANT FACIO:  Yes, Your Honor.

20           THE COURT:  As to Mr. Olafusi?

21           MR. BRADFORD:  May it please the Court.

22      As to Mr. Olafusi, elements of the offense, in order to

23  establish the offense in Count 1 of the indictment, the

24  government must prove beyond a reasonable doubt that on the

25  date and location alleged, one, the defendant knowingly

1    possessed a firearm described in Count 1 of the indictment.

2        Two, that before the defendant possessed the described

3    firearm, the defendant had been convicted in a court of a

4    crime punishable by imprisonment for a term in excess of one

5    year, that is, a felony offense.

6        And, three, that the defendant's possession of described

7    firearm was in and affecting interstate commerce.  That is,

8    before the defendant possessed the described firearm, it had

9    traveled at some time from one state to another.

10            THE COURT:  Mr. Olafusi, do you understand and admit

11   that you committed all of the essential elements of that

12   offense?

13            DEFENDANT OLAFUSI:  Yes, Your Honor.

14            THE COURT:  Each of you are appearing here today with

15   counsel, and you have indicated to me that you have discussed

16   your case and the charges made against you as well as the

17   issue of punishment with your attorney, also, how the

18   sentencing guidelines might apply in your case.

19        Are each of you fully satisfied with the representation

20   and advice that you have received from your attorney in your

21   case?

22        Mr. Facio?

23            DEFENDANT FACIO:  Yes, Your Honor.

24            THE COURT:  Mr. Olafusi?

25            DEFENDANT OLAFUSI:  Yes, Your Honor.

17

1        THE COURT:  Now, there is a plea agreement before the

2   Court as to Mr. Facio.  So I need to ask you a few questions

3   about the documents related to that.

4      I have before me a document entitled "Plea Agreement with

5   Waiver of Appeal" as well as a plea agreement supplement.

6   They are appropriately styled and numbered for your case,

7   Mr. Facio.  They are filed as Documents 22 and 23 in your

8   case, and they appear to be signed by you and your counsel and

9   representatives of the government.

10     First, is it your signature that appears on the plea

11  agreement and the supplement?

12        DEFENDANT FACIO:  Yes, Your Honor.

13        THE COURT:  And did you read or have read to you

14  these documents, and do you fully understand the plea

15  agreement and the supplement?

16        DEFENDANT FACIO:  Yes, Your Honor.

17        THE COURT:  By placing your signature upon these

18  documents, are you asking the Court to accept and approve your

19  plea agreement with the government?

20        DEFENDANT FACIO:  Yes, Your Honor.

21        THE COURT:  It has a waiver of appeal paragraph set

22  forth in your plea agreement, Mr. Facio.  It is Paragraph 10

23  on Page 4.  I direct your attention to that part of your plea

24  agreement and ask you, did you specifically read and discuss

25  with your attorney this waiver of appeal paragraph?

18

1        DEFENDANT FACIO:  Yes, Your Honor.

2        THE COURT:  Do you fully understand it?

3        DEFENDANT FACIO:  Yes, Your Honor.

4        THE COURT:  Do you knowingly and voluntarily waive

5   your right to appeal as set forth in that paragraph of your

6   plea agreement?

7        DEFENDANT FACIO:  Yes, Your Honor.

8        THE COURT:  Mr. Facio, are all of the terms of your

9   agreement with the government set forth in this plea agreement

10  and supplement?

11       DEFENDANT FACIO:  Yes, Your Honor.

12       THE COURT:  Did you voluntarily and of your own free

13  will enter into this plea agreement with the government?

14       DEFENDANT FACIO:  Yes, Your Honor.

15       THE COURT:  Other than the written plea agreement and

16  the supplement, has anyone made any promises or assurance to

17  you of any kind in an effort to induce you to enter a plea of

18  guilty in your case?

19       DEFENDANT FACIO:  No, Your Honor.

20       THE COURT:  Very well.  As I noted, the plea

21  documents are on file, and I'm satisfied with the answers

22  given.

23     Let me ask you, Mr. Olafusi.  Has anyone made any promise

24  or assurance to you of any kind in an effort to induce you to

25  enter a plea of guilty in your case?

1              DEFENDANT OLAFUSI:  No, Your Honor.

2              THE COURT:  To both defendants, has anyone mentally,

3      physically, or in any other way, attempted to force you to

4      enter a plea of guilty in your case?

5          Mr. Facio?

6              DEFENDANT FACIO:  No, Your Honor.

7              THE COURT:  Mr. Olafusi?

8              DEFENDANT OLAFUSI:  No, Your Honor.

9              THE COURT:  Do each of you understand that if your

10     guilty plea is accepted, you will be adjudged guilty of the

11     offense charged against you and that your punishment will be

12     assessed somewhere within the range of punishment provided by

13     statute?

14         Do you understand, Mr. Facio?

15             DEFENDANT FACIO:  Yes, Your Honor.

16             THE COURT:  Mr. Olafusi?

17             DEFENDANT OLAFUSI:  Yes, Your Honor.

18             THE COURT:  Are each of you citizens of the United

19     States?

20         Mr. Facio?

21             DEFENDANT FACIO:  Yes, Your Honor.

22             THE COURT:  Mr. Olafusi?

23             DEFENDANT OLAFUSI:  Yes, Your Honor.

24             THE COURT:  As citizens, I inform you that the

25     commission of a felony offense as you are charged with may

1    deprive you of valuable rights of citizenship, such as the

2    right to vote, to hold public office, to serve on a jury, to

3    ever possess any kind of firearm, and other valuable rights?

4        Do each of you understand that consequence?

5        Mr. Facio?

6            DEFENDANT FACIO:  Yes, Your Honor.

7            THE COURT:  Mr. Olafusi?

8            DEFENDANT OLAFUSI:  Yes, Your Honor.

9            THE COURT:  I'm going to call upon the United States

10   Attorney in each of the cases before the Court to now set

11   forth the essential elements -- excuse me, to set forth the

12   potential penalties for and consequences of conviction for

13   which each is pleading.

14       Let's begin with Mr. Facio.

15           MS. SALEEM:  As to Mr. Facio, the penalties the Court

16   can impose as to Count 1 are as follows:

17       A term of imprisonment for not less than ten years and not

18   more than life.  A fine up to the amount of $250,000, or twice

19   the pecuniary gain or twice the pecuniary loss per count.  A

20   mandatory special assessment of $100.  Unless the Court finds

21   the defendant to be indigent, an additional mandatory special

22   assessment of $5,000 must also be imposed pursuant to 18, USC,

23   Section 3014, for offenses occurring on or after May 29, 2015.

24   A term of supervised release of any term of years or life but

25   not less than five years, which is mandatory under the law and

1    will follow any term of imprisonment.

2        If the defendant violates any conditions of the term of

3    supervised release, the Court may revoke such release term and

4    require the defendant to serve an additional period of

5    confinement.

6        This last sentence is really not applicable, but, also, in

7    a revocation of multiple counts, the Court may run sentences

8    consecutively.

9        Restitution to victims or to the community, which may be

10   mandatory under the law, and costs of incarceration and

11   supervision.

12            THE COURT:  Mr. Facio, do you understand that if you

13   plead guilty, you may be subject to those penalties and

14   consequences just explained?

15            DEFENDANT FACIO:  Yes, Your Honor.

16            THE COURT:  As to Mr. Olafusi?

17            MR. BRADFORD:  May it please the Court.

18       The penalties as to Mr. Olafusi is a fine not to exceed

19   $250,000, imprisonment of not more than ten years, or both

20   such fine and imprisonment, plus, a term of supervised release

21   of up to three years.  If the defendant violates any condition

22   of supervised release, the Court may revoke such term of

23   supervised release and require the defendant to serve an

24   additional period of confinement.

25       In addition, the Court, pursuant to 18, USC, Section

1    3663(a), shall order the defendant to pay restitution to any

2    victim of his crime, which could include community

3    restitution.  Further, the Court must impose a $100 mandatory

4    special assessment.

5              THE COURT:  Mr. Olafusi, do you understand that if

6    you plead guilty, you may be subject to those penalties and

7    consequences just explained?

8              DEFENDANT OLAFUSI:  Yes, Your Honor.

9              THE COURT:  Do each of you understand that if the

10   penalty you receive is more severe than you expect, you

11   will still be bound by your plea of guilty and you will have

12   no right to withdraw it?

13       Do you understand, Mr. Facio?

14             DEFENDANT FACIO:  Yes, Your Honor.

15             THE COURT:  Mr. Olafusi?

16             DEFENDANT OLAFUSI:  Yes, Your Honor.

17             THE COURT:  There is some language in your plea

18   agreement, Mr. Facio, that indicates the government will

19   dismiss any additional charges that might have been brought in

20   the indictment.  Since there is that language, the Court must

21   decide whether to accept your plea agreement, and if the Court

22   decides to reject it, you would then have the opportunity to

23   withdraw your guilty plea and change it to not guilty?

24       Do you understand, sir?

25             DEFENDANT OLAFUSI:  Yes, Your Honor.

23

1          THE COURT:  Do either of you have any questions about

2     anything that we've covered up to this point?

3        Mr. Facio?

4          DEFENDANT FACIO:  No, Your Honor.

5          THE COURT:  Mr. Olafusi?

6          DEFENDANT OLAFUSI:  No, Your Honor.

7          THE COURT:  Then having heard all of the foregoing, I

8     now ask, how do you plead to the one count superseding

9     information against you, Mr. Facio, guilty or not guilty?

10          DEFENDANT FACIO:  Guilty.

11          THE COURT:  How do you plead to the one count

12     indictment against you, Mr. Olafusi, guilty or not guilty?

13          DEFENDANT OLAFUSI:  Guilty.

14          THE COURT:  To defense counsel, is the guilty plea of

15     your client consistent with your advice?

16        Mr. Lehmann?

17          MR. LEHMANN:  Yes, Your Honor.

18          THE COURT:  Mr. King?

19          MR. KING:  Yes, Your Honor.

20          THE COURT:  Then I'll accept each of the pleas of

21     guilty on the condition there is a factual basis to support

22     such pleas.

23        I have a document entitled "Factual Resume" for each case,

24     and these factual resumes appear to be signed by each

25     defendant and his counsel.

24

```
 1        First, is it your signature that appears on your factual

 2   resume?

 3        Mr. Facio?

 4             DEFENDANT FACIO:  Yes, Your Honor.

 5             THE COURT:  And on yours, Mr. Olafusi?

 6             DEFENDANT OLAFUSI:  Yes, Your Honor.

 7             THE COURT:  Have each of you read or had read to you

 8   your factual resume, and do you fully understand this

 9   document?

10        Mr. Facio?

11             DEFENDANT FACIO:  Yes, sir.

12             THE COURT:  Mr. Olafusi?

13             DEFENDANT OLAFUSI:  Yes, Your Honor.

14             THE COURT:  Are the facts that are stated in your

15   factual resume true and correct?

16        Mr. Facio?

17             DEFENDANT FACIO:  Yes, Your Honor.

18             THE COURT:  To Mr. Olafusi?

19             DEFENDANT OLAFUSI:  Yes, Your Honor.

20             THE COURT:  To defense counsel, are the facts stated

21   in your clients' factual resumes consistent with the true

22   facts as you understand them?

23        Mr. Lehmann?

24             MR. LEHMANN:  Yes, Your Honor.

25             THE COURT:  Mr. King?
```

1          MR. KING:  Yes, Your Honor.

2          THE COURT:  It would be appropriate for the United

3    States Attorney to now read the stipulated facts that are set

4    forth in the factual resumes.  However, based on the answers I

5    just received to those questions, I will allow you to waive

6    the reading of those facts.

7       Do you wish to waive that reading, Mr. Facio?

8          DEFENDANT FACIO:  Yes, sir.

9          THE COURT:  Mr. Olafusi?

10          DEFENDANT OLAFUSI:  Yes, Your Honor.

11          THE COURT:  Very well.  I'll note that the factual

12    resumes are on file as Document 21 in each of the cases before

13    the Court.

14       The Court, being satisfied with the responses given during

15    this hearing, finds that each defendant is fully competent and

16    capable of entering an informed plea and that his plea of

17    guilty to the charge against him is a knowing and voluntary

18    plea supported by an independent basis in fact containing each

19    of the essential elements of the offense charged against the

20    defendant.  I, hereby, accept each of your pleas of guilty,

21    and I pronounce you guilty of the offense with which you are

22    charged.

23       As I indicated earlier in the proceeding, a presentence

24    report will be prepared to assist the Court in sentencing.

25    You will be asked to give information for that report, and

1   your degree of cooperation could be a factor in the severity

2   of the sentence that you receive.  Your attorney is ordered to

3   be present at your interview having a recent familiarity with

4   Sentencing Guideline Section 3E1.1, Application Note 1A.

5       The Court -- excuse me.  You and your counsel will be

6   provided a copy of that report well in advance of the date of

7   your sentencing, and you will have an opportunity to make any

8   comments on it or any objections to it.

9       Because I have conducted this hearing rather than the

10  district judge, I'm making a written report to the district

11  judge telling him what you have said and done here today and

12  what I have found.  I also tell you that if you or your

13  attorney have any objections to anything I have said or done

14  or to the report itself, those objections must be filed within

15  14 days from the date of this hearing.

16      My clerk will deliver the presentence referral form to the

17  probation office.  A copy of that form has been provided to

18  each defense counsel, and I remind counsel it is your

19  responsibility to contact the probation office as soon as

20  practicable for further instruction regarding the presentence

21  investigation.

22      These matters are each scheduled to be sentenced on

23  August 14, 2017 at 9 o'clock a.m. before the Honorable Judge

24  Reed O'Connor to take place here in this courtroom.

25      At this time I remand Mr. Facio to the custody of the

27

1        United States Marshal.  Good luck to you, sir.

2            And, Mr. Lehmann, you are excused.

3            (End of proceedings, 10:20 a.m.)

4

5                              -oOo-

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20                          CERTIFICATE

21        I certify that the foregoing is a correct transcript from
the record of proceedings in the above-entitled matter, and
22   that the transcript was prepared by me and under my
supervision.

23

24   s/  Ana P. Warren                    October 27, 2017
     Ana P. Warren, CSR #2302                   Date
25   U.S. District Court Reporter